IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RONNIE SMITH                                                                                          PLAINTIFF

v.                                        Case No. 4:24-cv-04090

JASON MITCHELL                                                                                      DEFENDANT

**ORDER**

Before the Court is Plaintiff Ronnie Smith's ("Plaintiff") failure to comply with Court Orders and prosecute this matter. On September 4, 2024, Plaintiff submitted his 42 U.S.C. § 1983 action *pro se*. (ECF No. 1). Plaintiff also submitted an application to proceed *in forma pauperis* ("IFP"). (ECF No. 2). The Court granted Plaintiff IFP status on the same day. (ECF No. 3). In the Court's September 4, 2024, Order, Plaintiff was specifically advised:

> Plaintiff is advised that he is required to immediately inform the Court of any change of address. If Plaintiff is transferred to another jail or prison or released, he shall have 30 days from the date of transfer or release in which to notify the Court of his new address . . . The case will be subject to dismissal if Plaintiff fails to inform the Court of an address change.

(ECF No. 3) (emphasis in original). On September 4, 2024, this order was mailed to Plaintiff's address of record, and it was not returned as undelivered mail.

On September 16, 2024, the Court issued an Order explaining to Plaintiff that his submitted Request for Reassignment Form was not correctly completed and would need to be resubmitted. (ECF No. 6). This Order was mailed to Plaintiff's address of record but returned as undeliverable on September 30, 2024, and marked "released" on September 30, 2024. (ECF No. 7). Plaintiff has not communicated with the Court since mailing in his incomplete Request for Reassignment

Form on September 16, 2024.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2). Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Furthermore, a dismissal pursuant to Rule 41(b) operates as an adjudication on the merits unless it is otherwise specified. Fed. R. Civ. P. 41(b); *Brown*, 806 F.2d at 803. In considering a Rule 41(b) dismissal, the Court must balance: (1) "the degree of [Plaintiff's] egregious conduct;" (2) the adverse impact of the conduct on the Defendants; and (3) the Court's ability to administer justice. *Rodgers v. Curators of University of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998) (internal quotations omitted). In *Rodgers*, the Eighth Circuit provides the standard the Court must consider before dismissing with prejudice for failure to prosecute:

> Dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or . . . persistent failure to prosecute a

> complaint. [The Court must consider] . . . whether in the particular circumstances of the case, the needs of the court in advancing a crowded docket and preserving respect for the integrity of its internal procedures are sufficient to justify the harsh consequences of forever denying a litigant of his day in court. However, the [Court] need not [find] that appellant acted in bad faith, only that he acted intentionally as opposed to accidentally or involuntarily.

*Id.*

In the instant case, while Plaintiff has failed to comply with the Court's Order to keep his address of record updated, there does not appear to be any willful disobedience warranting dismissal with prejudice. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that Plaintiff's Complaint (ECF No. 1) is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 10th day of January, 2025.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge